HAO LIN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General,* Respondent.

No. 07–4614–ag.

United States Court of Appeals, Second Circuit.

June 23, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Robert J. Adinolfi, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Luis Perez, Senior Litigation Counsel, Joan Hogan, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Hao Lin, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007 order of the BIA affirming the November 19, 2002 decision of Immigration Judge ("IJ") Brigitte Laforest denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hao Lin,* No. A77 297 010 (B.I.A. Sep. 28, 2007), *aff'g* No. A77 297 010 (Immig. Ct. N.Y. City Nov. 19, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and

Attorney General Michael B. Mukasey as the respondent in this case.

the application of law to undisputed fact. *See, e.g., Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

The agency properly concluded that, even if deemed credible, Lin failed to establish past persecution on account of his altercation with Chinese family planning officials. In order for the partner of an individual who was forced to undergo an abortion to be eligible for asylum, the partner must independently "prove past persecution or a fear of future persecution for 'resistance' that is directly related to his or her own opposition to a coercive family planning policy." *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 313 (2d Cir.2007) (en banc). Lin claimed that he suffered persecution where officials pushed him and hit him once on his back, although he did not claim to have suffered injuries or to have required medical treatment. The BIA properly found that the type and level of harm Lin experienced did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340–41 (2d Cir.2006). His parents' detention cannot be persecution imputed to him. *Shi Liang Lin,* 494 F.3d at 306. Because Lin failed to show that he suffered past persecution, the agency did not err in concluding that he failed to establish eligibility for asylum. *See Ivanishvili,* 433 F.3d at 340–41.

Lin's brief to this Court fails to meaningfully challenge the agency's finding that he failed to establish a well-founded fear of persecution or to meet his burden of proof as to withholding of removal or CAT relief. Because issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal, we deem any such challenges waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).